UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC PORTER, OLESYA GIRICH, KIMBERLY WALSH, DAPHNE BEARD, GIANNA WEBER, and JOHN and JANE DOES 1-20, on behalf of themselves and all others similarly situated,<br><br>                   Plaintiffs,<br><br>    -against-<br><br>KATHLEEN HOCHUL, in her individual capacity, HOWARD ZUCKER, in his individual capacity, MARY T. BASSETT, in her individual capacity, JAMES V. MCDONALD in his official capacity, NEW YORK STATE DEPARTMENT OF HEALTH, STATE UNIVERSITY OF NEW YORK, URSULA CORONA, in her official capacity, and JOSEPH GOMES, in his official capacity,<br><br>                   Defendants. | **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND TO STATE COURT**<br><br>Case No. 5:25-cv-00381 (BKS) (TWD) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND**

**INTRODUCTION**

Plaintiffs respectfully move to remand this action to the New York Supreme Court, Onondaga County (Index No. 010057/2024), pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction. On April 22, 2025, Plaintiffs filed a Notice of Voluntary Dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i), dismissing the Third (Title VII, 42 U.S.C. § 2000e), Fourth (42 U.S.C. § 1983, Free Exercise Clause), and Fifth (42 U.S.C. § 1983, Supremacy Clause) Causes of Action from the First Amended Complaint (Dkt. No. 6). This dismissal eliminates federal question jurisdiction under 28 U.S.C. § 1331, the sole basis for Defendants' removal on March

26, 2025 (Dkt. No. 1). No diversity jurisdiction exists under 28 U.S.C. § 1332, as Defendants New York State Department of Health (DOH) and State University of New York (SUNY) are not citizens, and most Plaintiffs are non-diverse with New York Defendants. Thus, this Court lacks jurisdiction because it is well-settled law that "in a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 553 (2005).

The remaining claims—First Cause of Action (N.Y. Exec. Law § 296(1), Failure to Accommodate) and Second Cause of Action (N.Y. Exec. Law § 296(6), Aiding and Abetting)—are barred in federal court against the state defendants by sovereign immunity under the Eleventh Amendment. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984). Because New York State has only abrogated sovereign immunity on New York State Human Rights Law Claims in state court, that is the only forum where these claims, timely filed on September 24, 2024, can be adjudicated. *Quadir v. New York State Dep't of Lab.,* 39 F. Supp. 3d 528, 537 (S.D.N.Y. 2014) ("New York has not waived its Eleventh Amendment immunity for NY[S]HRL suits in federal court"). *See* § 1367(c)(4) (sovereign immunity as an exceptional circumstance); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). Plaintiffs originally filed in state court, and Defendants' removal forced them into federal court. This dismissal and remand restore Plaintiffs' chosen forum, not forum shopping, but rather is an imperative move to ensure that their primary claims are heard in a court with jurisdiction to provide relief.

In sum, and either way, because Plaintiffs have withdrawn their federal claims, this Court must decline supplemental jurisdiction over these state law claims under 28 U.S.C. § 1367(c)(3) and remand to state court. "When a plaintiff, after removal, cuts out all her federal-law claims,

federal-question jurisdiction dissolves. And with any federal anchor gone, supplemental jurisdiction over the residual state claims disappears as well. The operative pleading no longer supports federal jurisdiction, and the federal court must remand the case to the state court where it started." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 38–39 (2025). Accordingly, the Court should remand to Onondaga County Supreme Court and suspend the May 8, 2025, Rule 16 conference pending remand.

## STATEMENT OF FACTS

On September 24, 2024, Plaintiffs filed this action in Onondaga County Supreme Court (Index No. 010057/2024), asserting NYSHRL claims against Defendants for failure to accommodate religious exemptions to a COVID-19 vaccine mandate and aiding and abetting discrimination. The claims are timely, filed within three years of the earliest act (September 27, 2021), with class claims tolled under *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974).

On March 17, 2025, Plaintiffs filed a First Amended Complaint, adding federal claims (Title VII, § 1983). Defendants removed this action to this Court on March 26, 2025, citing federal question jurisdiction (Dkt. No. 1). On April 22, 2025, Plaintiffs filed a Rule 41(a)(1)(A)(i) notice, dismissing the federal claims before any answer or summary judgment motion, retaining only NYSHRL claims (Dkt. No. 6). This should remove the federal claims as of right. In some circuits, courts hold that Rule 41 only applies to discontinuance of an entire action, but courts in this circuit hold that Rule 41 allows for voluntary discontinuance of claims as well. *See, e.g., Azkour v. Haouzi*, No. 11 CIV. 5780 RJS KNF, 2013 WL 3972462, at *3 (S.D.N.Y. Aug. 1, 2013) (citing cases). As a precaution, Plaintiffs concurrently file a Rule 15(a)(2) motion to amend, seeking the same relief if Rule 41 is deemed improper for dismissing specific claims.

Either way, Plaintiffs respectfully request this Court grant them leave to discontinue the federal claims through amendment or notice and remand to state court. No answer has been filed, the case is in its infancy, no discovery has been conducted, and no substantive proceedings have occurred in federal or state court to date.

## LEGAL STANDARD

Under 28 U.S.C. § 1447(c), a case must be remanded if the district court lacks subject matter jurisdiction. Federal question jurisdiction under § 1331 exists only for claims arising under federal law. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Diversity jurisdiction under § 1332 requires complete diversity and an amount in controversy exceeding $75,000. *Exxon Mobil Corp.,* 545 U.S. at 553. The Court must decline supplemental jurisdiction over state law claims if all federal claims are dismissed (§ 1367(c)(3)), *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 38–39 (2025). Remand is also proper where exceptional circumstances exist (§ 1367(c)(4)). *Cohill*, 484 U.S. at 357. The removing party bears the burden of establishing jurisdiction. *Montefiore Med. Ctr. v. Teamsters Loc*. 272, 642 F.3d 321, 327 (2d Cir. 2011).

## ARGUMENT

**I.     The Court Must Dismiss Because it Lacks Subject Matter Jurisdiction**

Once federal claims are discontinued (or amended out of the action), "the federal court must remand the case to the state court where it started." *Royal Canin U.S.A., Inc.* 604 U.S. at 38-39. Here, to the extent the Rule 41 notice (or alternatively the motion to amend) removes any federal question jurisdiction, and no diversity jurisdiction is present, the Court must remand to the state court and cannot retain supplemental jurisdiction over state law claims. *Id.* Moreover, it would be

inequitable in any event to retain jurisdiction, since Plaintiffs' primary claims cannot be heard in federal court due to sovereign immunity issues.

**A. No Federal Question Jurisdiction**

The Rule 41(a)(1)(A)(i) notice, filed April 22, 2025, dismisses the Third, Fourth, and Fifth Causes of Action, eliminating all federal claims (Title VII, § 1983). Federal question jurisdiction under § 1331, the basis for removal (Dkt. No. 1), no longer exists. *Caterpillar*, 482 U.S. at 392. The remaining NYSHRL claims arise under state law, providing no basis for § 1331 jurisdiction. As set forth above, though there is a circuit split on this issue, courts in this Circuit typically hold that plaintiffs can discontinue individual claims (and not only the entire action) through Rule 41(a)(1)(A)(i) notice pre-answer. *Azkour*, No. 11 CIV. 5780 RJS KNF, 2013 WL 3972462, at *3 (citing cases). If this Court were to determine that Rule 41(a)(1)(A)(i) cannot be used to dismiss individual claims, Plaintiffs' concurrently filed Rule 15(a)(2) motion seeks to amend the complaint to achieve the same result, ensuring no federal claims remain. Pursuant to Rule 15, Amendments should be freely granted. This is particularly applicable here, where the action is in its incipient pre-answer stage, and federal jurisdiction would deprive Plaintiffs' of having their state law claims heard. Accordingly, this Court should agree to allow Plaintiffs to amend their complaint to remove federal claims if it deems voluntary withdrawal notice under Rule 41(a)(1)(A)(i) insufficient and remand the case to state court.

**B. No Diversity Jurisdiction**

Diversity jurisdiction under § 1332 is also absent. DOH and SUNY, as state agencies, are not "citizens" for diversity purposes. *Moor v. Alameda County*, 411 U.S. 693, 717 (1973). Most Plaintiffs (Weber, Girich, Walsh, Beard) are New York residents, non-diverse with New York Defendants (e.g., Hochul, Zucker, Bassett). Plaintiff Porter's Missouri residency does not create

complete diversity, as multiple New York Defendants remain. *Exxon Mobil Corp.,* 545 U.S. at 553. While the amount in controversy likely exceeds $75,000, complete diversity is lacking.

### C. Sovereign Immunity Bars NYSHRL Claims in Federal Court

The NYSHRL claims against DOH and SUNY are barred in federal court by sovereign immunity under the Eleventh Amendment, as New York has not waived immunity for NYSHRL claims in federal court, and Congress has not abrogated it. *Pennhurst*, 465 U.S. at 121. State court is the only forum where these claims, including the aiding and abetting claim against DOH, can be fully adjudicated. *Quadir*, 39 F. Supp. 3d at 535. This jurisdictional necessity compels remand, as federal court cannot provide complete relief for Plaintiffs' claims against all Defendants and holding the claims in federal court would be unjust for this reason.

### II. Defendants' Removal Does Not Justify Retention

Defendants' removal on March 26, 2025, forced Plaintiffs into federal court, contrary to their original state court filing on September 24, 2024. The dismissal of federal claims via the Rule 41(a)(1)(A)(i) notice (or Rule 15(a)(2) amendment, if necessary) restores Plaintiffs' chosen forum, and is not an attempt to forum shop. *Cohill*, 484 U.S. at 357. Defendants may argue that supplemental jurisdiction serves judicial economy, but the sovereign immunity bar (Pennhurst) and the case's infancy outweigh this consideration, as state court is the only forum capable of adjudicating the state law claims against all defendants due to sovereign immunity principles.

### F. Suspension of Rule 16 Conference

In the interests of judicial economy, pending resolution of this motion, Plaintiffs request adjournment sine die or, in the alternative, a stay of the Rule 16 case management conference scheduled for May 8, 2025 (Dkt. No. 3), as the elimination of federal jurisdiction and the

jurisdictional necessity for state court adjudication would render federal case management proceedings unnecessary.

## CONCLUSION

The Court lacks subject matter jurisdiction following the Rule 41(a)(1)(A)(i) dismissal of all federal claims, and sovereign immunity bars the remaining NYSHRL claims against DOH and SUNY in federal court. he Court should therefore decline supplemental jurisdiction under § 1367(c)(3) and (c)(4) and remand this action to the New York Supreme Court, Onondaga County (Index No. 010057/2024). Plaintiffs also respectfully request that the May 8, 2025, Rule 16 conference be adjourned sine die or, in the alternative, stayed pending resolution of this motion.

DATED: April 22, 2025
       Ithaca, New York

Respectfully submitted,

*/s/ Sujata S. Gibson*

SUJATA S. GIBSON, ESQ.
Gibson Law Firm, PLLC
120 E Buffalo Street, Suite 2
Ithaca, NY 14850
(607) 327-4125
sujata@gibsonfirm.law
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I certify that on April 22, 2025, I electronically filed the foregoing Motion to Remand with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

*/s/ Sujata S. Gibson*

SUJATA S. GIBSON, ESQ.
Gibson Law Firm, PLLC
120 E Buffalo Street, Suite 2
Ithaca, NY 14850
(607) 327-4125
sujata@gibsonfirm.law
*Attorneys for Plaintiffs*