UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ERIC PORTER, GIANNA WEBER, KIMBERLY WALSH, DAPHNE BEARD, OLESYA GIRICH, and JOHN AND JANE DOES 1-20, on behalf of themselves and others similarly situated,

                             Plaintiffs,

v.

KATHLEEN HOCHUL, in her personal capacity; HOWARD ZUCKER, in his personal capacity; MARY BASSETT, in her personal capacity; NEW YORK STATE DEPARTMENT OF HEALTH; STATE UNIVERSITY OF NEW YORK; ROBERT CORONA, in his official capacity as Chief Executive Officer of Upstate University Hospital; DAVID H. BERGER, in his official capacity as Chief Executive Officer of University Hospital at Downstate; SATISH K. TRIPATHI, in his official capacity as President of the University of Buffalo; JOHN B. KING, JR., Chancellor of SUNY; and CAROL A. GOMES, in her official capacity as Chief Executive Officer of Stony Brook University Hospital,

                             Defendants.

5:25-cv-00381 (BKS/TWD)

---

**Appearances:**

*For Plaintiffs:*
Sujata Sidhu Gibson
Gibson Law Firm, PLLC
120 East Buffalo Street, Suite 2
Ithaca, New York 14850

*For Defendants:*
Letitia James
Attorney General of the State of New York
Gigi E. Meyers
Assistant Attorney General
300 South State Street, Suite 300
Syracuse, New York 13202

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## ORDER OF REMAND

Plaintiffs Eric Porter, Gianna Weber, Kimberly Walsh, Daphne Beard, Olesya Girich, and John and Jane Does 1-20 brought this proposed class action in the Supreme Court of the State of New York, Onondaga County. (*See* Dkt. No. 2). Although they originally asserted only state-law claims, Plaintiffs amended their complaint to add claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1983. (*Id.*; Dkt. No. 7-1, at 3). Defendants subsequently removed this action pursuant to 28 U.S.C. § 1441(a), invoking this Court's jurisdiction under 28 U.S.C. § 1331. (Dkt. No. 1).

In response, Plaintiffs filed a motion to remand concurrently with a notice of voluntary dismissal without prejudice of their federal-law claims. (Dkt. Nos. 6, 7). Plaintiffs assert that Federal Rule of Civil Procedure 41(a)(1)(A)(i) permits them to dismiss only those claims. (*See* Dkt. No. 7-1, at 3). They explain, however, that they have also filed a motion to amend their complaint to remove the federal-law claims, (Dkt. No. 8), in the event that their interpretation of Rule 41 is incorrect, (Dkt. No. 8-1, at 1). Defendants oppose the remand motion. (Dkt. No. 15).

"When a case has been removed from state court to federal court, 'if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.'" *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) (per curiam) (alteration adopted) (quoting 28 U.S.C. § 1447(c)). If a case is removed under §§ 1331 and 1441(a), and "the plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves. With the loss of federal-question jurisdiction, the court loses as well its supplemental jurisdiction over the state claims." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 25–26, 30 (2025).

Here, the Court agrees with Plaintiffs that they are permitted to voluntarily dismiss their federal-law claims. *See* Fed. R. Civ. P. 41(a)(1)(A)(i) ("[T]he plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party either serves an answer or a motion for summary judgment.").[1] Defendants' opposition—an attorney declaration containing legal arguments in violation of Local Rule 7.1(b)(2)—does not address this issue. So even were the Court to overlook Defendants' noncompliance with the local rules, they have forfeited any argument otherwise. *See, e.g.*, *United States v. Fayton*, 704 F. Supp. 3d 449, 453 (S.D.N.Y. 2023). Thus, the Court finds that Plaintiffs' federal-law claims are dismissed without prejudice. (*See* Dkt. No. 6).

In light of this finding, the Court denies Plaintiffs' motion to amend as moot and concludes that it lacks subject matter jurisdiction over the remaining state-law claims. *Wullschleger*, 604 U.S. at 30. It is therefore required to remand this action to state court pursuant to § 1447(c).

Accordingly, it is hereby

**ORDERED** that Plaintiffs' motion to amend their complaint (Dkt. No. 8) is **DENIED** as moot; and it is further

**ORDERED** that Plaintiffs' motion to remand the action to state court (Dkt. No. 7) is **GRANTED**; and it is further

---

[1] Although the Second Circuit has not resolved whether the proper vehicle to voluntarily dismiss a claim is Rule 15 or Rule 41(a), it has stated that "a district court may permit withdrawal of a claim under Rule 15 subject to the same standard of review as a withdrawal under Rule 41(a)." *Wakefield v. N. Telecom, Inc.*, 769 F.2d 109, 114 n.4 (2d Cir. 1985) (citation omitted); *Azkour v. Haouzi*, No. 11 Civ. 5780, 2013 WL 3972462, at *3, 2013 U.S. Dist. LEXIS 109008, at *10–12 (S.D.N.Y. Aug. 1, 2013) (Sullivan, J.) (collecting cases); *Blaize-Sampeur v. McDowell*, No. 05-CV-4275, 2007 WL 1958909, at *2–3, 2007 U.S. Dist. LEXIS 47408, at *5–9 (E.D.N.Y. June 29, 2007) (Bianco, J.).

**ORDERED** that this action is **REMANDED** to the Supreme Court of the State of New York, Onondaga County, under Index No. 010057/2024; and it is further

**ORDERED** that the Clerk shall mail a certified copy of this Order of Remand to the clerk of the Supreme Court of the State of New York, Onondaga County.

**IT IS SO ORDERED.**

Dated: October 15, 2025
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge